(23 Misc. Rep. 240.)

ROTH v. PHILLIPS.

(City Court of New York, General Term.    March 28, 1898.)

COMPROMISE AND SETTLEMENT.

In an action for goods sold and delivered, the defendant admitted the allegations of the complaint, but as a defense alleged that, pending the action, the parties had made an agreement whereby defendant agreed to pay the debt in stated installments, and to buy all goods needed by her from plaintiff, and the latter, in consideration of such covenants, agreed to discontinue and settle the action, and that defendant accordingly had purchased, and was ready to purchase, goods from plaintiff.    The trial justice directed a verdict for plaintiff on the ground that the answer presented no defense. *Held* error.

Appeal from special term.

Action by Simon Roth against Eva Phillips.    Judgment for plaintiff, and defendant appeals.    Reversed.

Argued before FITZSIMONS, C. J., and OLCOTT, J.

Max D. Steuer, for appellant.

Hastings & Gleason, for respondent.

FITZSIMONS, C. J.    The complaint alleged the sale and delivery of goods to debtor.    The answer admitted such sale and delivery, and as a defense alleged that, subsequent to the commencement of the action, plaintiff and defendant entered into an agreement whereby defendant agreed to pay the debt in question in installments of $25

each week, commencing on the 23d day of November, 1897, and also agreed to purchase from plaintiff all goods needed by her in her business which were sold by him, and from no other person, until said debt was fully paid; that, in consideration of such covenants on defendant's part, plaintiff agreed to discontinue this action, and settle the same. The answer further alleged that defendant fully performed said contract on her part, and that plaintiff failed and refused to perform said contract on his part. The trial justice, upon plaintiff's motion, directed a verdict in plaintiff's favor upon the ground that the answer presented no defense. In so doing we think he committed error. That part of the answer which alleged "that it was agreed by the defendant that, if the plaintiff would discontinue and settle this action, that defendant would purchase goods from plaintiff, and would trade with him, and buy whatever she required in her line, and that defendant did, in pursuance of such agreement, purchase goods from plaintiff, and was ready and willing to further purchase goods, and that said action was thereby settled, and should have been discontinued," presented, in our judgment, a legal defense, which, if established, would have entitled defendant to a dismissal of the complaint.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.

OLCOTT, J., concurs.